UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JESSIE E. JONES #260563, | )
| | )
| Plaintiff, | ) Case No. 2:08-cv-255
| | )
| v. | ) HON. R. ALLAN EDGAR
| | )
| UNKNOWN YOAK, et al., | )
| | ) **OPINION**
| Defendants. | )

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

     I.       Factual Allegations

Plaintiff Jessie E. Jones #260563, an inmate at the Marquette Branch Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Library Manager Unknown Yoak and Librarian Unknown Salter. Plaintiff alleges in his amended complaint (docket #4) that Defendants denied his request for a legal writer on July 10, 2008. Plaintiff also states that he submitted a civil rights complaint and a class action certification motion along with a request for copies to Defendants, but that they denied his request and kept his original pleading. On July 15, 2008, Plaintiff kited Defendants and asked for the return of his complaint and motion. Defendants acknowledged that they had Plaintiff's pleadings, but refused to return the documents. On July 22, 2008, Plaintiff filed a grievance. In response to the grievance, Defendants denied having every received Plaintiff's civil rights complaint or class action certification motion. The grievance response states:

> All parties interviewed on this issue. Jones indicated that he is being denied access to a legal writer. He indicated that he sent in a motion for the legal writer and has yet to receive it back. The library has indicated that the legal writer has not received this motion; the legal writer has only done judicial reviews for Jones no civil lawsuits. The library has indicated that his paper work is not with the legal writer. [Assistant Resident Unit Supervisor] Salo, indicated that he does not have any knowledge about Jones paper work. Without the library having note of such, there is no way to find the library at fault. No policy has been violated, grievance is denied at this level.

Plaintiff claims that this conduct is a denial of his right to due process and of access to the courts. Plaintiff seeks damages and injunctive relief.

## II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that his right of access to the courts has been violated. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351;

*Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).  An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994).  Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property.  *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).

In this case, Plaintiff fails to explain why he needed a legal writer.  Plaintiff was apparently able to file the instant complaint.  Nor does Plaintiff explain why he could not replicate the civil rights complaint and class certification motion, as presumably Plaintiff is still aware of the civil rights violation he had asserted in that case.  Therefore, because Plaintiff has failed to show actual injury, his access to courts claim is properly dismissed.

Plaintiff also claims that Defendants' conduct violated his due process rights.  The Supreme Court has long held that the due process clause prevents the states from denying litigants the use of established adjudicatory procedures, when such an action would be the equivalent of denying the litigant an opportunity to be heard upon their claimed rights. *Boddie v. Connecticut*, 401 U.S. 371, 380 (1971); *see Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429-30 (1982).  As noted above, Plaintiff has failed to show why he could not replicate the confiscated pleadings, or why he required a legal writer.  Therefore, Plaintiff's due process claim is properly dismissed.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:      12/5/08                              */s/ R. Allan Edgar*
                                                 R. ALLAN EDGAR
                                                 UNITED STATES DISTRICT JUDGE